Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Albert Ceary Lee Jr, <br><br> Plaintiff, <br> v. <br> Goldsea, LLC and Panda Real Estate Group, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Albert Ceary Lee Jr ("Plaintiff") alleges:

### INTRODUCTION

1. Plaintiff brings this action against Defendants Goldsea, LLC and Panda Real Estate Group (collectively "Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to a housing accommodation ("Accommodation") located in Chino Hills, California.

### PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendant Goldsea, LLC owns, manages, and/or operates the Accommodation.

4. Defendant Panda Real Estate Group manages and/or operates the accommodation.

### THE ACCOMODATION

5. The Accommodation is understood to be a building, structure, or portion thereof, which

is intended for occupancy as a residence by one or more families located at the commonly known address 14682 Grandrue Place in Chino Hills, California.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Accommodation is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

10. Plaintiff suffers, among other things, a from mental disabilities.

11. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

12. Plaintiff utilizes an assistance animal, which is specifically trained, to address the challenges resulting from and to alleviate the symptoms of Plaintiff's disability. Plaintiff deals with the symptoms of his disability on a daily basis.

13. In November of 2022, Plaintiff applied to rent the Accommodation located at 14682 Grandrue Place in Chino Hills, California owned by Defendant Goldsea LLC.

14. Plaintiff informed Defendant Goldsea LLC –by and through Defendant Goldsea LLC's property manager, Panda Real Estate Group– that Plaintiff utilizes an assistance animal.

15. After applying for the housing, Defendant Goldsea LLC's property manager told Plaintiff that Defendant Goldsea LLC would not allow Plaintiff to reside in the home because of Plaintiff's assistance animal. Specifically, Defendant Panda Real Estate Group told Plaintiff that the home is not "dog friendly."

16. In all respects, Plaintiff was qualified and able to rent and reside in the Accommodation.

17. The only reason Defendants denied Plaintiff's application was the fact that Plaintiff

wanted to move in with his assistance animal.

18. Plaintiff would like to live at the Accommodation.

19. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq*.

20. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

21. The Accommodation was and is a dwelling.

22. Plaintiff's animal was and is an assistance animal.

23. Plaintiff is handicapped.

24. Defendants rent and have rented out buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

25. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

26. Defendants have discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

27. Moreover, Defendants' actions constitute harassment.

28. Further, Defendants made a statement that indicated a preference, limitation, or discrimination, with respect to a rental dwelling, on a disallowed basis.

29. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

30. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

**SECOND CAUSE OF ACTION**

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

31. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

32. The Accommodation was and is a housing accommodation.

33. Defendants own, manage, and/or operate buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

34. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

35. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

36. Defendants have harassed Plaintiff on the basis of Plaintiff's disabilities.

37. Defendants have made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of Plaintiff's disabilities.

38. Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

39. Moreover, Defendants' actions constitute harassment.

40. Defendants have refused to provide a reasonable accommodation to Plaintiff.

41. Further, Defendants made a statement that indicates a preference, limitation, or discrimination, with respect to a rental of a housing accommodation, on a disallowed basis: specifically, disability.

42. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

43. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

//

//

# THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

44. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

45. The Accommodation is a business establishment.

46. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

47. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

48. Plaintiff was harmed.

49. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

50. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

51. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $75,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code § 52, California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: November 17, 2022                              Law Office of Rick Morin, PC

*[signature]*
_____
By: Richard Morin
Attorney for Plaintiff